UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES RICHARD OGLAND,<br><br>　　　　　　　Defendant. | No.  2:08-CR-0187-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION** |

　　　Before the Court, without oral argument, is Defendant Charles Richard Ogland's *pro se* Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 75. Defendant seeks two forms of relief.

　　　First, Defendant asks for a sentence reduction pursuant to Amendment 782. *Id.* at 5. This is Defendant's second request for a reduced sentence for this reason. *See* ECF No. 69. For the reasons stated in the Court's previous Order Denying Defendant's Motion for Reduction of Sentence, ECF No. 74, the Court again denies the motion.

　　　Second, Defendant asks for a reduced sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that residual clause of the Armed Career Criminal Act (ACCA) was unconstitutional, and *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that the Supreme Court's ruling in *Johnson* was retroactively applicable on collateral review. Defendant in this case,

ORDER - 1

however, was not found to be an Armed Career Criminal. He was found to be a "Career Offender" for the purposes of the Sentencing Guideline Calculation. ECF No. 58 at 12-13. However, even if the Court found that *Johnson* and *Welch* apply retroactively to the guidelines, as it has in other cases, this would provide no relief for Defendant in this case. Defendant's Total Offense Level and Criminal History Category would have been the same even if Defendant were not found to be Career Offender under the guidelines. *See id.* Therefore, Defendant's resulting sentencing guideline range would be the same even if the Court were to resentence the Defendant without the Career Offender designation. The Court finds that *Johnson* provides no relief for Defendant and denies the motion.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 75**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of July 2016.

> s/Edward F. Shea
> EDWARD F. SHEA
> Senior United States District Judge

Q:\EFS\Criminal\2008\187.ord.deny.mots.lc2.docx

ORDER **-** 2